**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SANDRA CROSS, ET AL.,**                                                          **PLAINTIFFS,**

**VS.**                         **CIVIL ACTION NO. 4:05CV225-P-B**

**MISSISSIPPI LOAN CENTER, INC., ET AL.,**                        **DEFENDANTS.**

## ORDER

This matter comes before the court upon Plaintiffs' Motion to Remand [7-1]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

On November 8, 2002 seventeen plaintiffs filed the instant action in the Circuit Court of Leflore County, Mississippi, Civil Action No. 2002–176-CI. On a prior occasion, the defendants removed to federal court asserting bankruptcy jurisdiction because one of the plaintiffs had filed bankruptcy. The court severed the claim of the bankrupt plaintiff and remanded the case to state court.

On September 25, 2005 the defendants once again removed to federal court based upon Plaintiff Narie Givens' August 11, 2005 filing of a Chapter 7 petition in the U.S. Bankruptcy Court for the Northern District of Mississippi. The plaintiffs filed the instant motion to remand, arguing that assertion of bankruptcy jurisdiction is improper. Citing the doctrine of judicial estoppel, the defendants ask the court to sever the claims of Plaintiff Narie Givens and to submit them to bankruptcy jurisdiction given her failure to list the instant suit on Schedule B of her Chapter 7 Petition.

Under 28 U.S.C. § 1334(b), a defendant may remove a case from state court if it arises under, arises in, or is related to a bankruptcy petition. For a case to arise *under* Title 11, the claims asserted

1

must be predicated on a right created by Title 11. *See e.g., In re Chargit, Inc.*, 81 B.R. 243 (Bankr. S.D.N.Y. 1987). Cases arising *in* Title 11 are those not based on any express right of Title 11 but would have no existence outside bankruptcy. *Matter of Wood*, 825 F.2d 90 (5th Cir. 1987). Since the instant case is a state tort action filed before Plaintiff Narie Givens' bankruptcy petition, this case clearly neither arises under nor arises in Title 11.

A case that neither arises under nor arises in Title 11 can nevertheless be properly removed to federal court under § 1334(b) if it is "related to" a bankruptcy proceeding. Determining whether a proceeding is "related to" Title 11 is significant because the district court (either the district judge or the bankruptcy judge) to whom cases have been referred can exercise jurisdiction over both core and noncore proceedings so long as the proceedings are "related to" the underlying bankruptcy case. *Matter of Wood*, *supra*. The statutes do not define "related to" and the courts have articulated various definitions. The Fifth Circuit Court of Appeals recently held that proceedings "related to" a bankruptcy case include (1) causes of action owned by the debtor which become property of the estate under the Bankruptcy Code, and (2) suits between third parties which have an effect on the bankruptcy estate. *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001). Similarly, the Seventh Circuit has held that a case is "related to" a bankruptcy proceeding if the dispute affects the amount of property available for distribution or the allocation of property among creditors. *Matter of Xonics, Inc.*, 813 F.2d 127 (7th Cir. 1987).

The court concludes that the instant case is indeed "related to" the plaintiff's pending Chapter 7 bankruptcy petition, which most assuredly should have been (but was not) mentioned as a contingent interest on her petition, because monies recovered, if any, from this case will be property of her bankruptcy estate. Accordingly, this court does have jurisdiction based on 28 U.S.C. §

2

1334(b).

Pursuant to Fed. R. Civ. P. 21, the court concludes that the claims of Narie Givens should be severed from those of the remaining plaintiffs in this case. The claims of the remaining plaintiffs should be remanded to state court.

Furthermore, since Narie Givens failed to list the instant case on Schedule B (personal assets) of her Chapter 7 Petition and since she has already received her discharge from the U.S. Bankruptcy Court, her claims in this action should be dismissed with prejudice under the doctrine of judicial estoppel.

The doctrine of judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position. Generally, the doctrine applies in cases where a party attempts to contradict his own sworn statements in the prior litigation." *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988). "The purpose of the doctrine is 'to prevent parties from 'playing fast and loose' with (the courts) to suit the exigencies of self interest.'" *Id*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiffs' Motion to Remand [7-1] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is granted insofar as the plaintiffs' claims other than those of Narie Givens are **REMANDED** to the Circuit Court of Leflore County, Mississippi from whence they came;

(3) The motion is denied insofar as the claims of Narie Givens in this case are **DISMISSED WITH PREJUDICE** for failure to list her claims on Schedule B of her Chapter 7 Petition under the

doctrine of judicial estoppel; and

>(4) This case is **CLOSED**.

**SO ORDERED** this the 28th day of August, A.D., 2006.

>/s/ W. Allen Pepper, Jr.
>W. ALLEN PEPPER, JR.
>UNITED STATES DISTRICT JUDGE